39 F.3d 1192
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael Kirk LEGGETT, Plaintiff-Appellant,
v.
Glen CLARK, Correctional Officer (Lieutenant); Kenneth
Zink, Correctional Officer (Senior Officer Specialist);
Rick Walker, Correctional Officer (Senior Officer); Albert
Shaffer, Correctional Officer (Senior Officer); Ben Furman,
Correctional Officer (Senior Officer Specialist); Clifford
T. Pierce, Correctional Officer (Senior Officer); James
Mallen, Correctional Officer (Senior Officer Specialist),
Defendants-Appellees.
 No. 94-3219.
 United States Court of Appeals, Tenth Circuit.
 Oct. 28, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P.
 
 
 2
 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Mr. Leggett, a federal inmate and pro se litigant, appeals an adverse summary judgment. We grant Mr. Leggett's motion to proceed in forma pauperis under 28 U.S.C.1915(d), exercise jurisdiction under 28 U.S.C. 1291, and reverse and remand.
 
 
 4
 Mr. Leggett's pro se complaint names seven correctional officers as defendants. The gist of the complaint is that the officers opened Mr. Leggett's cell door on at least two different occasions while Mr. Leggett was unrestrained so the officers could justify attacking Mr. Leggett. On one of these occasions, Mr. Leggett alleges he left his cell as he had been instructed to do by Lieutenant Clark, and that the officers assaulted him, handcuffed him and returned him to his cell. In essence, Mr. Leggett inartfully alleges the officers set him up so they could assault him.
 
 
 5
 The officers responded with a motion to dismiss supported by evidentiary material in the form of affidavits. The officers' affidavits stated Mr. Leggett's cell door had indeed been opened on two occasions when Mr. Leggett was unrestrained. The affidavits further state Mr. Leggett's cell door was opened accidentally and not intentionally.[2] The second time Mr. Leggett's door was opened, which was February 12, 1993, he allegedly left his cell screaming he "was tired of this shit" and that "someone was going to get killed." Officer Zink then saw Mr. Leggett out of his cell at which time he ordered him back to his cell. When Mr. Leggett refused to return to his cell, Officer Zink, with the assistance of Officers Walker, Mallein and Shaffer, forcibly restrained Mr. Leggett and returned him to his cell. Mr. Leggett further alleges Officer Furman ordered him handcuffed, and that during the time he was returned to his cell, Officers Zink, Walker, Mallein and Shaffer punched him with their fists several times. Mr. Leggett did not allege any specific injuries suffered as a result of the officers' actions.
 
 
 6
 Mr. Leggett's explanation for why his cell door was opened differs from that given by the officers. He claimed the officers intentionally opened his door, motivated by a desire to injure or kill him. He further alleges he told Lieutenant Clark he thought the other officers were out to get him after his door was opened the first time. Lieutenant Clark then allegedly told the plaintiff his door would not be opened anymore, but that if his cell door was ever opened while he was unrestrained, "he was to come to the Lieutenant's office, [and] he Lieutenant Clark would save him."[3] When Mr. Leggett's door was again opened on February 12, he then left his cell, heading to the Lieutenant's office. At that time, he was restrained by the other officers and forcibly returned to his cell.
 
 
 7
 Thereafter, Mr. Leggett initiated this suit pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging an Eighth Amendment claim of excessive force. The defendants responded by moving to dismiss for failure to state a claim, failure to exhaust administrative remedies and qualified immunity. Based on the defendants' reliance on extraneous materials, the district court converted the motion to a motion for summary judgment in accordance with Fed.R.Civ.P. 12(b).
 
 
 8
 In attempting to respond to the motion, Mr. Leggett sought to conduct discovery by requesting the "Log Book of the Special Housing unit" and a "copy of the Employee Log book" for the month in question. He asserted these two documents would prove there was a conspiracy to kill him and would support his claim. The defendants moved for a stay of discovery pending disposition of their motion.
 
 
 9
 The district court never ruled on the motion to stay discovery, nor did it address the exhaustion and qualified immunity arguments. Instead, the district court concluded Mr. Leggett failed to establish the existence of a genuine issue of material fact for trial and thus granted summary judgment on the merits. Specifically, the district court found:
 
 
 10
 It is undisputed that plaintiff's cell door was opened several times as plaintiff alleges. Defendants indicate the cell door was opened inadvertently, and that corrective measures were taken to prevent further accidental opening. Plaintiff believes defendants intentionally opened the cell door each time in a deliberate plot to subject plaintiff to physical harm and death by prison guards. It is uncontroverted that on February 12 1993, ... plaintiff became angry when his cell door was opened, and that plaintiff left his cell to complain to a lieutenant guard. Plaintiff refused to obey an order to return to his cell, and several prison guards responded to subdue plaintiff and return him to his cell. Plaintiff characterizes this use of force as an assault, and as evidence of defendants' plot to injure or kill him.
 
 
 11
 The trial court, relying on Whitley v. Albers, 475 U.S. 312 (1986), concluded Mr. Leggett's misconduct in leaving his cell and refusing to return prompted a legitimate security response by defendants who acted in good faith. The district court further held the plaintiff failed to show that these actions were undertaken "maliciously and sadistically," the requisite state of mind required under Whitley. The district court thus found no constitutional violation.
 
 
 12
 Mr. Leggett appeals this grant of summary judgment asserting (1) summary judgment was precluded by the existence of genuine issues of material fact, and (2) the trial court erred in failing to grant Mr. Leggett's request for discovery. Defendants apparently are either unwilling or unable to respond to Mr. Leggett's brief.
 
 I.
 
 13
 At the outset, we find it necessary to review several principles of law relevant to our analysis. First, Mr. Leggett's claim is brought against federal officials pursuant to Bivens and its progeny and therefore is not properly viewed as a 1983 suit.[4] Second, although a party opposing a motion for summary judgment may not rest on the allegations contained in the complaint, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), federal law provides an unsworn statement signed under penalty of perjury may be used in lieu of an affidavit to support or oppose a motion for summary judgment under Fed.R.Civ.P. 56(c). See 28 U.S.C. 1746; see also Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc., 982 F.2d 686, 689 (1st Cir.1993); Williams v. Browman, 981 F.2d 901, 904-05 (6th Cir.1992). Third, the relevant legal framework for analyzing Mr. Leggett's excessive force claim is contained in Whitley and Hudson v. McMillian, 112 S.Ct. 995 (1992).
 
 II.
 
 14
 The Supreme Court has held the Eighth Amendment prohibits the "unnecessary and wanton infliction of pain." See Whitley, 475 U.S. at 320. What constitutes the unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." Hudson, 112 S.Ct. at 998. In some circumstances, prison officials who act with "deliberate indifference" to the serious medical needs of inmates may violate the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). In situations involving a prison disturbance, however, where prison officials must act "in haste, under pressure, and frequently without the luxury of a second chance," Whitley, 475 U.S. at 320, and "quickly and decisively," Hudson, 112 S.Ct. at 999, the Eighth Amendment is offended only by the malicious and sadistic infliction of harm. See Whitley, 475 U.S. at 320-21, quoted in Hudson, 112 S.Ct. at 998. Accordingly, the Hudson Court held:
 
 
 15
 whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in Whitley: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.
 
 
 16
 Hudson, 112 S.Ct. at 999.
 
 
 17
 Hudson catalogued a list of criteria that the courts should consider in determining whether prison officials acted maliciously and sadistically, including: (1) the need for force, (2) the amount of force used, (3) the threat perceived by officials, and (4) efforts to temper the amount of force used. See Hudson, 112 S.Ct. at 999 (citing Whitley, 475 U.S. at 321). Moreover, while the absence of serious injury to Mr. Leggett is certainly relevant, it is not dispositive. See Hudson, 112 S.Ct. at 999. Finally, whether the force was applied in a good-faith effort to maintain security is also a relevant consideration, but it should be assessed in light of the factors enumerated above.
 
 
 18
 It is evident from the record on appeal that Mr. Leggett claimed he left his cell, as he was instructed by Lieutenant Clark, and was beaten for no reason except the guards' desire to injure or kill him. Mr. Leggett also alleged he was beaten after he returned to his cell and after his handcuffs were removed. He also contends the door to his cell was not opened accidentally, but was an intentional act done as part of the defendants' plan to harm him. Conversely, the defendants factually averred they used only the amount of force necessary to subdue Mr. Leggett who had improperly left his cell and disobeyed their order to return.
 
 
 19
 From this evidence, we can draw the following conclusions. First, Mr. Leggett claims a gratuitous infliction of force by the defendants.[5] Second, it is clear from the record on appeal that not all of the relevant facts and circumstances enumerated in Hudson were evaluated by the trial court. Third, Mr. Leggett's complaint and subsequent filings, which are entitled to evidentiary worth under 1746, create genuine issues of material fact on the issues of the reasons why his cell door was opened in the first place and whether Lieutenant Clark in fact told Mr. Leggett he could come to him for help if his cell door was opened again. A factual determination on these two issues in favor of Mr. Leggett would lend some support to Mr. Leggett's claim of malicious intent.[6]
 
 
 20
 We therefore REMAND this action to the district court for such other and further proceedings as may be just and proper in accordance with this order, which may include a determination as to whether the officers are entitled to qualified immunity.[7] In so holding, we express no opinion as to the trial court's ultimate decision. We hold only the facts were not evaluated by the trial court as required by Hudson. On remand, the district court should also consider the plaintiff's motion for discovery along with the defendants' motion to stay discovery. See, e.g., Anderson v. Creighton, 483 U.S. 635, 646 n. 6 (1987) (discussing the availability of discovery at the summary judgment phase of a lawsuit where the defendants assert qualified immunity as a defense).
 
 
 21
 The matter is REVERSED and REMANDED for further proceedings in accordance with this order.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The affidavits state the officers meant to open cell door 117 to release the inmate in that cell to the recreation yard. Apparently the officer opened cell door 115, which was Mr. Leggett's cell, instead of cell door 117. Thus, the officers allege Mr. Leggett's door was opened "accidentally" the first time, which was on February 11, 1993. The affidavits, however, merely contain a conclusory allegation why Mr. Leggett's cell door was opened "accidentally" on the second occasion, February 12, 1993, the date of the incident at issue in this case
 
 
 [3]
 Lieutenant Clark specifically disputes this assertion in his affidavit. He asserts he told Mr. Leggett that he was to remain in his cell at all times, even if his cell door was opened by the staff
 
 
 [4]
 Although Mr. Leggett alleges direct liability against Officers Zink, Walker, Mallein, Shaffer, and Furman, the district court should consider the purported basis for liability against Lieutenant Clark on remand. It is uncontroverted that Lieutenant Clark was not present in the facility on February 12. Thus, it is unclear whether the plaintiff is asserting direct liability against Lieutenant Clark for knowingly leaving the plaintiff exposed to a known risk of danger, or vicarious liability, or both
 In addition, because this is not a 42 U.S.C.1983 suit by a state prisoner, the defendants' argument that Mr. Leggett failed to exhaust his administrative remedies need not be considered on remand because it is frivolous. See McCarthy v. Madigan, 112 S.Ct. 1081, 1089-90 (1992) (federal prisoner asserting Bivens claim need not exhaust administrative remedies under 42 U.S.C.1997e).
 
 
 [5]
 The disposition with respect to Officer Pierce is affirmed. Mr. Leggett's sole claim against Officer Pierce is that he is a liar, a claim that is insufficient as a matter of law to impose liability for excessive force, and accordingly, the dismissal as to Officer Pierce was warranted
 
 
 [6]
 Of course, even if the finder of fact so found, "[t]he Eighth Amendment's prohibition of cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind." ' " Hudson, 112 S.Ct. at 1000 (quoting Whitley, 475 U.S. at 327). Whether the force applied in this case was de minimis is also a matter to be addressed on remand
 
 
 [7]
 "For purposes of immunity, we have not distinguished 1983 actions brought against state officials from Bivens actions brought against federal officials. See Butz v. Economou, 438 U.S. 478, 503-04 (1978)." Antoine v. Byers & Anderson, Inc., 113 S.Ct. 2167, 2170 n. 5 (1993)